

1 | Martin E. Rosen (108998), mrosen@barwol.com
  | Jenny H. Wang (191643), jwang@barwol.com
2 | BARGER & WOLEN LLP
  | 19800 MacArthur Boulevard, 8th Floor
3 | Irvine, California 92612
  | Telephone: (949) 757-2800
4 | Facsimile: (949) 752-6313

5 | Attorneys for Plaintiff-in-Interpleader
  | Reassure America Life Insurance Company

*FILED 08 JAN 22 PM 3: 19*
*CLERK, U.S. DISTRICT COURT*
*SOUTHERN DISTRICT OF CALIFORNIA*
*BY ___ DEPUTY*

*"VIA FAX"*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**'08 CV 0119   JLS WMC**

| | |
|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, | CASE NO.: |
| Plaintiff-in-Interpleader, | COMPLAINT-IN-INTERPLEADER |
| vs. | [Pursuant to 28 U.S.C. §1335] |
| SALEH M. ZAHRAN, SAL AKEL SILVA, MARIA A. SILVA, BEDA SANCHEZ, LAYALI M. AKEL, TAGHRID SUAD M. AKEL and MOHAMMAD M. AKEL, and DOES 1 through 10, Inclusive | [Filed concurrently with:<br>- Notice of Party with Financial Interest;<br>- Summons;<br>- Civil Case Cover Sheet;<br>- Application to Deposit Funds; and<br>- (Proposed) Order Directing Deposit of Funds.] |
| Claimants-in-Interpleader. | |

Pursuant to 28 U.S.C. Section 1335, Plaintiff-in-Interpleader Reassure America Life Insurance Company ("Reassure") hereby files its Complaint-in-Interpleader and alleges as follows:

## PARTIES

1.     Reassure is, and at all relevant times was, a corporation organized and existing under and by virtue of the laws of the State of Indiana, with its principal place of business in Fort Wayne, Indiana.  Reassure is, and at all relevant times was, authorized to do business in the State of California.

2.     Upon information and belief, Reassure alleges that Claimant-in-Interpleader Saleh M. Zahran ("Saleh Zahran") is an individual who is, and at all times relevant was a resident, of the State of California.

3.     Upon information and belief, Reassure alleges that Claimant-in-Interpleader Sal Akel Silva ("Sal Silva") is an individual who is, and at all times relevant was a resident, of the State of California.

4.     Upon information and belief, Reassure alleges that Claimant-in-Interpleader Maria A. Silva ("Maria Silva") is an individual who is, and at all times relevant was a resident, of the State of Arizona.

5.     Upon information and belief, Reassure alleges that Claimant-in-Interpleader Beda Sanchez ("Sanchez") is an individual who is, and at all times relevant was a resident, of the State of California.

6.     Upon information and belief, Reassure alleges that Claimant-in-Interpleader Layali M. Akel ("Layali Akel") is an individual, who is, and at all times relevant was, a resident of the State of California.

7.    Upon information and belief, Reassure alleges that Claimant-in-Interpleader Taghrid Suad M. Akel ("Taghrid Akel") is an individual who is, and at all times relevant was, a resident of the State of California.

8.    Upon information and belief, Reassure alleges that Claimant-in-Interpleader Mohammad M. Akel ("Mohammad Akel") is an individual who is, and at all times relevant was, a resident of the State of California.

9.    Claimants-in-Interpleader Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Reassure. When their true names and capacities are ascertained, Reassure will seek to amend this Complaint-in-Interpleader by inserting their true names and capacities herein.

10.    Each of the Claimants-in-Interpleader has asserted a right to the proceeds of a life insurance policy in the sum of $250,000.00, which Reassure has requested to deposit into the registry of this Court simultaneously with the filing of this Complaint.

## JURISDICTION AND VENUE

11.    The Court has original jurisdiction over this Complaint-in-Interpleader pursuant to 28 U.S.C. Section 1335 in that diversity of citizenship exists between at least two adverse Claimants, as set forth above, and the amount in controversy exceeds $500, exclusive of interest.

12.    Venue is proper pursuant to 28 U.S.C. Section 1397, in that at least one of the Claimants-in-Interpleader resides in this judicial district.

3ER & WOLEN LLP
MACARTHUR BLVD.
IIGHTH FLOOR
IVINE, CA 92812
(949) 757-2800

## FACTUAL ALLEGATIONS

13.    This lawsuit arises from a dispute between several individuals who have made conflicting claims to the proceeds of a flexible premium life insurance policy, number B12962 (the "Policy"), issued on July 18, 1996 by The Midland Life Insurance Company, now known as Reassure, to Decedent Zeinb M. Akel ("Decedent") in the face amount of $250,000.00.

14.    On or about May 16, 1996, at the time the Decedent applied for the Policy, she designated her son Saleh Zahran as the 100% primary beneficiary of the Policy.

15.    On or about June 15, 2004, Simon Mikhael, Esq. ("Mikhael"), as a representative of the Decedent, submitted to Reassure a written request signed by the Decedent on June 7, 2004 to change the Policy beneficiary to the following individuals (who are the children or in-laws of the Decedent) as equal, primary beneficiaries:  Saleh M. Zahran, Sal Akel Silva, Maria A. Silva, Beda Sanchez, Layali M. Akel, Taghrid Suad M. Akel and Mohammad M. Akel (hereinafter, collectively, the "Claimants").  As a result, Reassure made the change in Policy beneficiaries effective June 7, 2004.

16.    On or about August 5, 2005, Saleh Zahran submitted to Reassure a Request for Change of Ownership of the Policy, signed by the Decedent, changing the primary owner of the Policy from the Decedent to himself.

17.    Shortly thereafter, in or around September 2005, Saleh Zahran also submitted a request for change of beneficiary of the Policy, designating himself as the 100% primary beneficiary and Maysa Zahran as the 100% contingent beneficiary.

18.     Pursuant to the Request of Change of Ownership as described above, effective August 29, 2005, Reassure transferred ownership of the Policy to Saleh Zahran.

19.     Pursuant to the request for change of beneficiary as described above, effective September 2005, Reassure changed the primary beneficiary of the Policy to Saleh Zahran and the contingent beneficiary of the Policy to Maysa Zahran.

20.     Reassure is informed and believes that Decedent died on December 18, 2006.

21.     At the time of Decedent's death, the face value of the Policy was $250,000.00.

22.     Since the Decedent's death, each of the Claimants named in this action has made conflicting claims to the Policy proceeds, each asserting that they are the Policy's beneficiaries of record.  Specifically, Sal Akel Silva, Maria A. Silva, Beda Sanchez, Layali M. Akel, Taghrid Suad M. Akel and Mohammad M. Akel each assert a one-seventh right to the Policy proceeds, and Zahran asserts a 100% right to the same.

23.     On or about September 7, 2007, Mikhael, on behalf of his clients, Sal Akel Silva, Maria A. Silva, Beda Sanchez, Layali M. Akel, Taghrid Suad M. Akel and Mohammad M. Akel, wrote to Reassure asserting that Saleh Zahran fraudulently changed the Policy beneficiaries to benefit himself and that his clients were in the process of investigating the matter.  Mikhael asserted that Saleh Zahran was under federal indictment for multiple fraud crimes, including tax evasion, Social Security fraud, Medi-Cal fraud and identity theft.  He also asserted that Saleh Zahran's wife,

Maysa Zahran, was also indicted and arraigned in federal court in San Diego. Mikhael provided Reassure with what he represented was a news release purporting to detail the criminal accusations against Saleh Zahran. Mikhael asked Reassure not to make any payment of the Policy proceeds to Saleh Zahran.

24.    On September 17, 2007, Reassure wrote to Mikhael and Saleh Zahran advising each of them that if the Claimants could not reach an agreement within 21 days regarding the distribution of the Policy proceeds, then Reassure would file an interpleader action with respect to the same.

25.    In or around October 2007, Mikhael and Saleh Zahran each informed Reassure that the Claimants were unable to resolve their competing claims, and they specifically asked Reassure to initiate the instant interpleader action.

26.    Reassure does not dispute that the entirety of the Policy proceeds should be paid, but Reassure is uncertain which of the Claimants is or are entitled to any of the proceeds. Accordingly, Reassure seeks a declaration of its rights and obligations under the Policy with respect to each of the Claimants' rights, if any, to the Policy proceeds.

## FIRST CLAIM FOR RELIEF

### (Interpleader Against All Claimants)

27.    Reassure realleges paragraphs 1 through 26, inclusive, of this Complaint.

28.    Reassure is now in possession of $250,000.00 which constitutes the Policy proceeds payable as of the date of the Decedent's death.

29.    Concurrent with the filing of this Complaint, Reassure has applied to the Court for an Order permitting the aforementioned funds plus applicable interest to be deposited with the Clerk of the Court pending the outcome of this case.

30.    The Claimants have made conflicting claims to the Policy proceeds.

31.    Reassure is unable to determine the validity of the conflicting demands made by the Claimants as aforesaid and cannot determine to whom said money belongs.

32.    Reassure brings this Complaint-in-Interpleader in good faith and without collusion with any Claimant. Reassure has no interest in the aforementioned Policy proceeds or any part thereof, save and except as a disinterested stakeholder.

33.    Reassure has at all relevant times been, and is now, ready, willing and able to pay the proceeds due under the Policy, but by reason of the Claimants' conflicting claims, Reassure does not know, and cannot determine, what amount, if any, is due to any of the Claimants.

34.    Reassure will deposit the full balance of the unpaid Policy proceeds, plus applicable interest, with the Clerk of the Court at such time as may be ordered by the Court.

35.    Reassure has incurred costs and reasonable attorneys' fees in connection with these proceedings in an amount to be proven in the future and may incur additional costs and fees hereafter. Such attorneys' fees and costs are and should be a legal charge upon the Policy proceeds due, and the same should be repaid to Reassure out of the funds that will be deposited with the Clerk of the Court.

ER & WOLEN LLP
IACARTHUR BLVD.
GHTH FLOOR
/INE, CA 92612
I49I 757-2800

WHEREFORE, Reassure prays for judgment as follows:

1.     That this Court decree that this Complaint is properly filed in that this is a proper case for interpleader;

2.     That the Claimants be ordered to interplead and litigate their claims to the money described in this Complaint;

3.     That this Court determine the true and lawful beneficiary(ies) of the Policy proceeds, and subsequently release such proceeds to the true and lawful beneficiary(ies);

4.     That this Court enjoin Claimants from bringing any unknown, pending or future proceedings against Reassure in any court based on the issues arising from this matter;

5.     That upon deposit of the Policy proceeds into the Court and upon procuring the Claimants to interplead herein, that Reassure and its past, present and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, and insurers be wholly and completely discharged and absolved from any further liability of whatever nature to each of the Claimants and any other claimant for the benefits arising under the Policy as the result of the death of Decedent;

6.     That upon deposit of the Policy proceeds into the Court and upon procuring the Claimants to interplead herein, that Reassure be dismissed from this action with prejudice;

IGER & WOLEN LLP
0 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

8

7.    That Reassure be awarded costs and reasonable attorneys' fees incurred herein, to be paid by Claimants or from the funds deposited with the Court, as may be provided by case or statutory authority; and

8.    For such other and further relief as the Court deems just and proper.

DATED: January 22, 2008          BARGER & WOLEN LLP


By: _____
     MARTIN E. ROSEN
     JENNY H. WANG
     Attorneys for Plaintiff-in-
     Interpleader Reassure America Life
     Insurance Company

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

REASSURE AMERICA LIFE INSURANCE COMPANY,

**DEFENDANTS**

Saleh M. Zahran, Sal Akel Silva, Maria A. Silva, Beda Sanchez, Layali M. Akel, Taghrid Suad M. Akel and Mohammad M. Akel and DOES 1 through 10, Inclusive

(b) County of Residence of First Listed Plaintiff  **State of Michigan**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **San Diego County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Martin E. Rosen (108998) / Jenny H. Wang (191643), BARGER & WOLEN LLP, 19800 MacArthur Blvd., #800, Irvine, CA 92612

Attorneys (If Known)  **'08 CV 0119    JLS (WMC)**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1335

Brief description of cause:
Complaint in Interpleader

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  1/22/08

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # 146696   AMOUNT $350   1/22/08 BY   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

## "VIA FAX"

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146696    – BH**

**January 22. 2008
15:16:00**

**Civ Fil Non-Pris**
USAO #.: O8CV0119 CIVIL FILING
Judge..: JANIS L. SANMARTINO
Amount.:              $350.00 CK
Check#.: BC# 9838

**Total-> $350.00**

FROM: REASSURE AMERICA V. ZAHRAN ET
      CIVIL FILING