1  Simon Mikhael, Esq. (Bar #147196)
   THE LAW OFFICES OF SIMON MIKHAEL
2  3150 El Camino Real, Suite D
   Carlsbad, CA  92008
3  Tel: (760) 720-2555
   Fax: (760) 720-2562
4
   Attorney for Defendants/Claimants
5  Sal Akel Silva, Maria A. Silva, Beda Sanchez, Layali M. Akel, Tahgrid Suad M. Akel and
   Mohammad M. Akel

FILED
08 FEB 25 PM 3: 52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY,<br><br>    Plaintiff-in-Interpleader,<br><br>vs.<br><br>SALEH M. ZAHRAN, SAL AKEL SILVA, MARIA A. SILVA, BEDA SANCHEZ, LAYALI M. AKEL, TAGHRID SUAD M. AKEL, MOHAMMAD M. AKEL, and DOES 1 through 10, Inclusive,<br><br>    Claimants-in-interpleader. | CASE NO.: CV 08-0119 JSL (WMC)<br><br>**ANSWER TO COMPLAINT-IN-INTERPLEADER** |

TO: ALL PARTIES AND TO THEIR COUNSEL, AND TO ALL OTHER PERSONS OR ENTITIES INTERESTED IN THIS ACTION:

COME NOW, Defendants/Claimants, SAL AKEL SILVA, MARIA A. SILVA, BEDA SANCHEZ, LAYALI M. AKEL, TAGHRID SUAD M. AKEL and MOHAMMAD M. AKEL in answer to the Complaint in Interpleader of REASSURE AMERICA LIFE INSURANCE COMPANY, herein as follows:

1.    Defendants/Claimants admit each and every allegation of Paragraphs 1, 2, 3, 4, 5,

10, 11, 12, 13, 15, 20 and 21 through 35 as they relate to these answering Defendants/Claimants of the complaint herein.

2. Defendants/Claimants deny having sufficient knowledge or information to form a belief as to the allegations contained in Paragraphs 9, 14, 16, 17, 18, and 19 and deny each and every allegation of Paragraphs 6, 7 and 8.

3. These answering Defendants/Claimants were, at all times, the equal beneficiaries with Defendant Saleh Zahran (hereinafter referred to as "Zahran") of the proceeds of the insurance policy issued by Plaintiff and referenced in Paragraph 13 of the Complaint and, therefore, possess the rights to and interest in the money referenced to in Paragraph 13 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

4. As a first and separate affirmative defense to the complaint, and to all causes of action contained therein, these answering Defendants are informed and believe and thereon allege that Defendant Zahran's claims are barred or diminished under the doctrine of estoppel.

## SECOND AFFIRMATIVE DEFENSE

5. As a second and separate affirmative defense to the complaint, and to all causes of action contained therein, these answering Defendants are informed and believe and thereon allege that Defendant Zahran's claims are barred or diminished under the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

6. As a third and separate affirmative defense to the complaint, and to all causes of action contained therein, these answering Defendants allege that Defendant Zahran's claims are barred from recovery under the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

7. As a fourth and separate affirmative defense to the complaint, and to all causes of action contained therein, these answering Defendants allege that Defendant Zahran's claims are barred from recovery under the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

8.   As a fifth and separate affirmative defense to the complaint, and to all causes of action contained therein, these answering Defendants allege that Defendant Zahran committed multiple acts of fraud by making changes to the life insurance policy referenced in Paragraph 13 of the Complaint and that the changes made to the policy referenced in Paragraphs 16 and 17 of the Complaint are invalid as they were fraudulently obtained and submitted to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

9.   As and for a sixth, separate and affirmative defense to the complaint, and to each purported cause of action contained therein, these answering Defendants allege: That these answering Defendants presently have insufficient knowledge or insufficient information upon which to form a belief as to whether they may have additional, yet un-asserted, affirmative defenses. These answering Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE,** these answering Defendants pray for judgment as follows:

1.   That the money in question be divided among all seven defendants;

2.   That the court determine the respective rights and obligations of the parties in connection with the money deposited with the court;

3.   That Defendant Zahran be ordered to pay all of Plaintiff's costs and attorneys' fees as well as these answering Defendants' costs and attorneys' fees;

4.   For such other and further relief as the court may deem just and proper.

Dated: 2/21/08                                    LAW OFFICES OF SIMON MIKHAEL

By: _____
Simon Mikhael, Esq. Attorney for, Sal Akel Silva, Maria A. Silva, Beda Sanchez, Layali M. Akel, Taghrid Suad M. Akel, and Mohammad M. Akel.

CASE NAME: REASSURE AMERICA LIFE INS. CO. V. SALEH M. ZAHRAN ET AL.
CASE NO.:   CV 08-0119 JSL (WMC)

**PROOF OF SERVICE**

I, Grace Willis, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action. I am employed in the County of San Diego, State of California, within which County the subject mailing occurred. My business address is 3150 El Camino Real, Suite D, Carlsbad, CA 92008.

On February 21, 2008 I served the following document(s):

1.   ANSWER TO COMPLAINT-IN-INTERPLEADER

by placing copies thereof in an envelope for addressee named hereafter, addressed to addressee as follows:

Martin E. Rosen, Esq.
Jenny H. Wang, Esq.
BARGER & WOLEN LLP
19800 MacArthur Boulevard, 8th Floor
Irvine, CA 92612

I then sealed each envelope and with the postage thereon fully prepaid, deposited each in the United States mail at Carlsbad, California.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction this service was made.

Executed on February 21, 2008 at Carlsbad, California.

*/s/ Grace Willis*
Grace Willis

1
PROOF OF SERVICE