Stanley J. Riney
State Bar No. 120735
8811 Grossmont Blvd.
La Mesa, California 91941
Telephone: (619) 460-6054
Facsimile: (619) 464-3824

Attorney for Defendant/Claimant
Saleh M. Zahran

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff-in-Interpleader,<br><br>v.<br><br>SALEH M. ZAHRAN, SAL AKEL SILVA, MARIA A. SILVA, BEDA SANCHEZ, LAYALI M. AKEL, TAGHRID SUAD M. AKEL, MOHAMMAD M. AKEL, and DOES 1 through 10, inclusive,<br><br>　　　　Claimants-in-Interpleader. | CASE NO.: CV 08-0119 JSL (WMC)<br><br>FIRST AMENDED ANSWER TO COMPLAINT-IN-INTERPLEADER |

　　　　Defendant/Claimant SALEH M. ZAHRAN answers the Complaint-in-Interpleader of REASSURE AMERICA LIFE INSURANCE COMPANY as follows:

1.　　Defendant/Claimant admits each and every allegation of paragraphs 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 14, 20, 21, 22, 24, 25 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35.

2.　　Defendant/Claimant denies the allegations contained in paragraphs 6, 7, and 8.

3.　　Defendant/Claimant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraphs 15 and 23.

4.　　Defendant/Claimant lacks sufficient information or belief to admit or deny the dates identified in paragraphs 16, 17, 18, and 19 but admits each other allegation contained in these paragraphs.

### FIRST AFFIRMATIVE DEFENSE

5. As a first and separate affirmative defense to the complaint, and to all causes of action contained therein, this answering Defendant is informed and believes and thereon alleges that all other Defendants' claims are barred or diminished under the doctrine of estoppel.

### SECOND AFFIRMATIVE DEFENSE

6. And a second and separate affirmative defense to the complaint, and to all causes of action therein, this answering Defendant alleges that all other Defendants' claims are barred from recovery under the equitable doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

7. As a third and separate affirmative defense to the complaint, and to all causes of action contained therein, this answering Defendant alleges that Defendant Sal Akel Silva committed multiple acts of fraud by making changes to the life insurance policy referenced in paragraph 15 of the Complaint and that the changes made to the policy referenced in paragraph 15 of the Complaint are invalid as they were fraudulently obtained.

### FOURTH AFFIRMATIVE DEFENSE

8. As a fourth and separate affirmative defense to the complaint and to each purported cause of action contained therein, this answering Defendant alleges that this answering Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether he may have additional, yet un-asserted, affirmative defenses. This answering Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That the money in question be awarded to Saleh M. Zahran, solely;
2. That the court determine the respective rights and obligations of the parties in connection with the money deposited with the court;
3. That Defendant Sal Akel Silva be ordered to pay all of Plaintiff's costs and attorneys' fees as well as this answering Defendant/Claimants' costs and attorneys' fees;

///

4. For such other and further relief as the Court may deem just and proper.

DATE: _____    _____
Stanley J. Riney
Attorney for Defendant/Claimant
Saleh M. Zahran